KEVANNE A. KIRKWOOD
               Plaintiff,

     v.

MICHAEL J. ASTRUE,
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,
               Defendant.

Civil Action No. 09-1347

August 11, 2010                                                    Pollak, J.

## MEMORANDUM

The Report and Recommendation of Magistrate Judge Jacob P. Hart (docket no. 14) provides the full factual and procedural history in detail. This memorandum only provides a brief overview. In summary, plaintiff-claimant, Kevanne Kirkwood, seeks disability insurance benefits (DIB) for impairment due to major depression and post-traumatic stress disorder (PTSD) from the period beginning August 15, 2003. There was evidence, including medical evidence, that claimant suffered from symptoms of depression and PTSD from 2001 until mid-2003. From 2003 until 2004 claimant was in Europe to conduct research for her doctoral dissertation. Claimant was found disabled as of June 3, 2005. However, her eligibility for DIB expired September 30, 2004. The

administrative law judge (ALJ) found that no objective medical evidence supported the

contention that claimant had an onset date for her disability before September 30, 2004.

I conclude, as claimant argues, that the ALJ committed procedural error by failing to

appoint a medical advisor as required by Social Security Regulation (SSR) 83-20, thus, I

will remand to the ALJ.

The ALJ was correct in requiring medical evidence to corroborate claimant's

testimony. 20 C.F. R. § 404.1508. However, SSR 83-20 requires that an ALJ use a

medical advisor to determine the onset date of impairments when the onset date must be

inferred due to the progressive nature of the impairment.[1] *See Walton v. Halter*, 243 F.3d

---

[1] SSR 83-20 states in relevant part:

> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.
>
> If reasonable inferences about the progression of the impairment cannot be made on the basis of the evidence in file and additional relevant medical evidence is not available, it may be necessary to explore other sources of documentation. Information may be obtained from family members, friends, and former employers to ascertain why medical evidence is not available for the pertinent period and to furnish additional evidence regarding the course of the individual's condition.

703, 710 (3d Cir. 2001) ("[T]his is a situation in which an opinion based on personal, contemporaneous observation was not available. In such a situation, SSR 83-20 calls for an ALJ to have the benefit of expert medical advice based on the best available data without regard to its source."). The Third Circuit reiterated this requirement in *Newell v. Commissioner of Social Security*, 347 F.3d 541 (3d Cir. 2003).

As claimant provided statements from medical professionals that she was experiencing symptoms of depression and PTSD before August 15, 2003 and was found to be disabled in June of 2005–a worsening of symptoms that evidences the progressive nature of her disease–SSR 83-20 required the appointment of a medical advisor to infer when the onset date of claimant's disability occurred. The defendant cites two non-precedential Third Circuit opinions in arguing that the Third Circuit has limited the occasions when SSR 83-20 must be followed. However, both involved records below that were complete and medical evidence that was consistent. *See Bailey v. Commissioner of Social Security*, 354 Fed. Appx. 613 (3d Cir. 2009); *TheLosen v. Commissioner of Social Security*, 2010 WL 2473848 (3d Cir. June 17, 2010). Even if such NPOs were persuasive as to the limits of *Walton* and *Newell*–both binding precedential opinions–the record here is not complete and the medical evidence is not consistent. Thus, a medical advisor was required. An appropriate remand order follows.

---

SSR 83-20, at *3.